United States District Court
Southern District of Texas
**ENTERED**
June 01, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TIMOTHY L. BOURGEOIS and<br>GWEN A. BOURGEOIS<br>    Plaintiffs. | §<br>§<br>§ | |
| VS. | § | C.A. NO. 3:17-cv-00059 |
| NEW CENTURY MORTGAGE<br>CORPORATION; DEUTSCHE<br>BANK NATIONAL TRUST COMPANY,<br>TRUSTEE, ON BEHALF OF THE<br>CERTIFICATE HOLDER OF MORGAN<br>STANLEY ABS CAPITAL I INC. TRUST<br>2004-NC3, MORTGAGE PASS-<br>THROUGH CERTIFICATES,<br>SERIES 2004-NC3; and<br>SELECT PORTFOLIO SERVICING, INC.<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

## **MEMORANDUM AND RECOMMENDATION**

Pending before the Court is Defendants' Motion for Summary Judgment and Brief in Support ("Motion for Summary Judgment"). (Dkt. 15). The Motion for Summary Judgment in this case was referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 18). Having considered the Motion for Summary Judgment, the responsive briefing and applicable law, the Court RECOMMENDS that the Motion for Summary Judgment be GRANTED.

### I.    BACKGROUND

On November 15, 2003, Timothy L. Bourgeois and Gwen A. Bourgeois (collectively, "Bourgeois Plaintiffs") executed a Texas Home Equity Note (the "Note") in

the amount of $172,000.00 made payable to New Century Mortgage Corporation ("New Century") and its assigns. Bourgeois Plaintiffs also executed a Texas Home Equity Security Instrument ("Deed of Trust"), which was recorded in the Official Records of the Galveston County Recorder's Office on December 4, 2003. The Deed of Trust established a first lien on the property identified by its physical address of 1904 North Mission Circle, Friendswood, TX 77546 (the "Property").

In September, 2006, New Century assigned the Note and the Deed of Trust to Deutsche Bank National Trust Company, as Trustee on behalf of the Certificate Holders of Morgan Stanley ABS Capital 1 Inc. Trust 2004-NC3, Mortgage Pass-through Certificates Series 2004-NC3 ("Deutsche Bank") effective July 2006. A Pooling and Servicing Agreement ("PSA") governed the trust in which Deutsche Bank, as trustee, held the loan documents. The PSA provided that no loans could be transferred into the trust after April 16, 2004.

Bourgeois Plaintiffs failed to make the Note payment due on August 1, 2007 and, incredibly, failed to make all subsequent payments due under the Note. Per the express terms of the Note, the entire unpaid principal balance and interest on the Note became payable and immediately due at the election of the lender.

In February 2017, Bourgeois Plaintiffs filed this lawsuit in Texas State Court against Deutsche Bank and Select Portfolio Servicing, Inc. ("SPS"), the authorized mortgage servicer for the Note. Bourgeois Plaintiffs assert six causes of action: (1) wrongful foreclosure; (2) slander of title; (3) breach of contract; (4) breach of good faith and fair dealing; (5) declaratory relief; and (6) injunctive relief. Deutsche Bank and SPS

removed the case to federal court based on diversity jurisdiction and filed a counterclaim, seeking an order authorizing foreclosure and a declaration of their right to foreclose.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment under Federal Rule of Civil Procedure 56(c) is appropriate when, viewing the evidence in the light most favorable to the nonmovant, the court determines that the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. A dispute of material fact is "genuine" if the evidence would allow a reasonable jury to find in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). When the moving party has met its Rule 56 burden, the nonmovant must identify "significant probative evidence that there exists a genuine issue of material fact." *Atkins v. Szymczak*, 710 F. App'x 223, 224 (5th Cir. 2018) (internal quotation marks and citation omitted). "This burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (internal quotation marks and citation omitted).

The court must consider all evidence and draw all inferences from the factual record in the light most favorable to the nonmovant. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). *See also Rayborn v. Bossier Par. Sch. Bd.*, 881 F.3d 409, 414 (5th Cir. 2018) (internal quotation marks and citation omitted) ("In deciding whether a fact issue exists, courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party.").

## III. DISCUSSION

### A. Bourgeois Plaintiffs' Claims for Affirmative Relief

At oral argument, Bourgeois Plaintiffs' counsel stated that his clients were abandoning all claims for affirmative relief. However, since Bourgeois Plaintiffs have not formally moved to amend their live pleading, this Court will, nonetheless, address the merits of the Motion for Summary Judgment directed at Bourgeois Plaintiffs' claims for affirmative relief.

#### 1. Wrongful Foreclosure and Slander of Title

The Court first focuses on Deutsche Bank and SPS's request to grant summary judgment on Bourgeois Plaintiffs' wrongful foreclosure and slander of title causes of action. Bourgeois Plaintiffs did not even respond to Deutsche Bank and SPS's request to dismiss these causes of action. The Local Rules for the Southern District of Texas state that failure to respond to a motion will be taken as a representation of no opposition. S.D. Tex. R. 7.4. However, even though no response has been filed to the Motion for Summary Judgment on the wrongful foreclosure and slander of title causes of action,

4

Deutsche Bank and SPS still have the burden to show that they are entitled to judgment as a matter of law. *See John v. Louisiana*, 757 F.2d 698, 709 (5th Cir. 1985) ("[S]ummary judgment cannot be supported solely on the ground that [the plaintiff] failed to respond to defendants' motion for summary judgment.") (citation omitted).

With respect to the wrongful foreclosure claim, Deutsche Bank correctly points out that "[u]nder Texas law, even if a mortgage holder wrongfully attempts foreclosure, there is no claim for wrongful foreclosure if the mortgagor does not lose possession of the home." *Smith v. J.P. Morgan Chase Bank N.A.*, CIV.A. H-10-3730, 2010 WL 4622209, at *2 (S.D. Tex. Nov. 4, 2010) (citation omitted). In the present case, there has been, to date, no foreclosure sale and Bourgeois Plaintiffs have never been displaced from the Property. As such, summary judgment should be entered against Bourgeois Plaintiffs on the wrongful foreclosure claim.

As far as slander of title is concerned, Bourgeois Plaintiffs claim that Deutsche Bank and SPS filed an Assignment of Note & Deed of Trust with the Galveston County Recorder when they knew that the assignment was not eligible to be recorded. The Court agrees with Deutsche Bank and SPS that Bourgeois Plaintiffs' slander of title claim must be dismissed. Among other things, a plaintiff seeking to recover for slander of title is "required to prove the loss of a specific sale or sales in order to recover on [plaintiff's] slander of title action." *Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983). *See also Hill v. Heritage Res., Inc.*, 964 S.W.2d 89, 116 (Tex. App.—El Paso 1997, pet. denied) ("[A] claim for slander of title does not accrue until there has been a loss of a specific sale."). In the instant case, there is absolutely no evidence of a loss of a specific sale. To the

contrary, the summary judgment evidence establishes that Bourgeois Plaintiffs are in default on the mortgage obligations and have failed to make any loan payment in more than 10 years. Accordingly, the slander of title cause of action fails as a matter of law.

## 2. Breach of Contract

Bourgeois Plaintiffs next assert a breach of contract cause of action. From the pleadings on file, it is unclear exactly which agreement Deutsche Bank allegedly breached or how it breached the agreement. Nonetheless, out of an abundance of caution, this Court will evaluate the sufficiency of the breach of contract action given each possible agreement at issue in this lawsuit.

Before turning to the underlying analysis of the breach of contract action, it is important to remember that "[t]he essential elements of a breach of contract action [under Texas law] are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (internal quotation marks and citation omitted). To survive summary judgment, Bourgeois Plaintiffs must present evidence establishing each element of a breach of contract claim.

**The Note:** To the extent Bourgeois Plaintiffs are claiming that Deutsche Bank has breached the Note, such a claim fails because there is no summary judgment evidence satisfying element two—that Bourgeois Plaintiffs tendered performance under the Note. Indeed, it is undisputed that Bourgeois Plaintiffs did not tender performance since Bourgeois Plaintiffs failed to make any Note payments to Deutsche Bank for the past 10

6

plus years. This breach of contract claim also falls flat because Bourgeois Plaintiffs cannot provide evidence—or argument—establishing that Deutsche Bank actually breached the Note, an obvious requirement to prevail on a breach of contract action (element three).

**The Deed of Trust:** If Bourgeois Plaintiffs tether their breach of contract claim on the Deed of Trust, the claim fails because there is no summary judgment evidence remotely suggesting that Deutsche Bank, as assignee, breached the Deed of Trust (element three) or that Bourgeois Plaintiffs have suffered any damages as a result of any alleged breach of the Deed of Trust (element four).

**The PSA:** To the extent Bourgeois Plaintiffs complain that Deutsche Bank has violated the terms of the PSA, Bourgeois Plaintiffs do not have standing to challenge the transfer of their Note and Deed of Trust to Deutsche Bank. The Fifth Circuit has expressly held that since a borrower is "not party to the PSA, [a borrower has] no right to enforce its terms unless [the borrower is] its intended third-party beneficiar[y]." *Reinagel v. Deutsche Bank Nat'l Tr. Co.*, 735 F.3d 220, 228 (5th Cir. 2013). Here, because there is no allegation—nor evidence—that Bourgeois Plaintiffs are an intended third-party beneficiary, a breach of contract claim predicated on the PSA is barred as a matter of law. *See Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) ("As a non-party mortgagor, and without any evidence showing Farkas to be an intended third-party beneficiary, we conclude that Farkas lacks the requisite standing to bring suit to enforce the terms of the PSA that govern the assignment of the mortgagor's note.").

7

In sum, no matter which contract is at issue, Bourgeois Plaintiffs have failed to provide admissible evidence that supports a breach of contract cause of action. In truth, Bourgeois Plaintiffs' position in this lawsuit centers on whether Deutsche Bank can foreclose on the Property pursuant to the Note and Deed of Trust. That issue is discussed fully below. For now, Bourgeois Plaintiffs' breach of contract claim should be dismissed because there is no genuine issue of material fact.

### 3. Breach of Duty of Good Faith and Fair Dealing

Bourgeois Plaintiffs next assert that Deutsche Bank and SPS have breached a duty of good faith and fair dealing. This claim is "based on the allegation that the purported Assignment of the Plaintiffs' deed of trust and the purported endorsement of the Plaintiffs' promissory note was not properly transferred, such that one or more Defendant may possess some legal or equitable interest in the Plaintiffs' loan documents." (Dkt. 16 at 18).

Bourgeois Plaintiffs' good faith and fair dealing claim fails as a matter of law on its own terms. This is because the Texas Supreme Court has expressly held that "[t]he relationship of mortgagor and mortgagee ordinarily does not involve a duty of good faith." *Fed. Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 709–10 (Tex. 1990) (citation omitted). *See also Milton v. U.S. Bank Nat. Ass'n*, 508 F. App'x 326, 329 (5th Cir. 2013) (quoting *UMLIC VP LLC v. T & M Sales & Envtl. Sys., Inc.*, 176 S.W.3d 595, 612 (Tex. App.—Corpus Christi 2005, pet. denied)) ("[U]nder Texas law, there is 'no special relationship between a mortgagor and mortgagee' that would give rise to a stand-alone duty of good faith and fair dealing."). Bourgeois Plaintiffs have absolutely no

response to this case law. As such, summary judgment should be entered against Bourgeois Plaintiffs on the breach of good faith and fair dealing claim.

### 4. Declaratory Relief and Injunctive Relief

Bourgeois Plaintiffs also assert claims for declaratory relief and injunctive relief. Because this Court has already recommended dismissal of the underlying claims for relief, the declaratory relief and injunctive relief claims cannot survive. *See, e.g, Davis v. Silver State Fin. Servs.*, No. H-13-1432, 2014 WL 713235, at *10 (S.D. Tex. Feb. 20, 2014) ("Where all the substantive, underlying claims have been dismissed, a claim for declaratory relief cannot stand.") (collecting cases); *Puig v. Citibank, N.A.*, No. 3:11-CV-0270-L, 2012 WL 1835721, at *17 (N.D. Tex. May 21, 2012) (stating that parties are not entitled to injunctive relief where "the court has dismissed each of their claims as a matter of law").

### B. Deutsche Bank's Counterclaim for an Order Authorizing Foreclosure

In its counterclaim, Deutsche Bank contends that it is entitled to an order authorizing foreclosure. To foreclose under a security instrument in Texas with a power of sale, Deutsche Bank must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) Bourgeois Plaintiffs are in default under the note and security instrument; and (4) Bourgeois Plaintiffs received notice of default and acceleration. *See* TEX. PROP. CODE ANN. § 51.002 (West 2017). Deutsche Bank has presented uncontroverted summary judgment evidence establishing each of the four elements required to obtain an order authorizing foreclosure.

9

### 1. Bourgeois Plaintiffs' Challenge to the Validity of the Assignment from New Century to Deutsche Bank

In an effort to avoid summary judgment, Bourgeois Plaintiffs claim that the 2016 assignment from New Century to Deutsche Bank violates the PSA, which specified that no mortgage could be transferred into Deutsche Bank's pooling trust after April 16, 2004. Bourgeois Plaintiffs' position is far from novel. Indeed, the Fifth Circuit has routinely considered—and rejected—the same argument Bourgeois Plaintiffs advance in this case.

The leading Fifth Circuit case is *Reinagel*, 735 F.3d 220. In *Reinagel*, like here, "mortgagors who defaulted on their note [sought] to enjoin a bank from foreclosing, contending that the assignments by which the bank obtained the note and corresponding deed of trust were ... invalid." *Id.* at 222. Just as in the instant case, the Reinagels specifically alleged that the assignments were contrary to terms of the PSA that governed Deutsche Bank's mortgage pool. *Id.* at 228. The Fifth Circuit rejected the Reinagels' attempt to invalidate the assignments, finding that a non-party to an assignment does not have standing to challenge the assignment on grounds that the assignment is voidable, but does have standing to challenge the assignment if it is void. *Id.* at 225 ("[A]n obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor," but "may defend 'on any ground which renders the assignment void.'") (citation omitted). The Fifth Circuit concluded that the Reinagels' challenge to the assignments on the basis that they were contrary to the terms of the PSA was a ground that made the assignment voidable,

but not void. *Id.* at 228. As a result, the Reinagels could not challenge the assignments of the promissory note and corresponding deed of trust. *Id.*

In an attempt to circumvent the Fifth Circuit's holding in *Reinagel*, Bourgeois Plaintiffs argue that the present case is different because "(1) the construction and application of the PSA is governed by New York law; and (2) under New York law the assignment is void, not merely voidable." (Dkt. 16 at 10). The problem with Bourgeois Plaintiffs' position is that the Fifth Circuit has addressed this identical argument, and found it unpersuasive. In *Sigaran v. United States Bank National Ass'n*, 560 F. App'x 410 (5th Cir. 2014), the Sigarans alleged that assignment of their loan to a trust was void because it was assigned after the trust's closing date as established by the trust's PSA. Seeking to avoid the Fifth Circuit's holding in *Reinagel*, the Sigarans argued, as Bourgeois Plaintiffs argue in this case, that New York applies to the PSA. *Id.* at 413. According to the Sigarans, New York law required a finding that the assignment of the loan was void, not merely voidable, because a New York statute provided that "every ... act of the trustee in contravention of the trust ... is void." N.Y. EST. POWERS & TRUSTS LAW § 7-2.4 (McKinney). That is the same argument—and the same statute—Bourgeois Plaintiffs rely on in this case. The Fifth Circuit in *Sigaran* rejected this approach, finding that because "New York courts have treated *ultra vires* actions by trustees as voidable and capable of ratification," the assignment of the Sigarans' loan after the closing date made that agreement voidable, not void, and thus the Sigarans lacked standing to challenge the assignment under New York law. *Sigaran*, 560 F. App'x at 414 (citation omitted).

11

The *Sigaran* case is not the only time the Fifth Circuit has addressed an attempt by a borrower seeking to evade the result in *Reinagel* by arguing that New York law mandates a finding that an assignment violating a trust's PSA is void, not merely voidable. Not surprisingly, each and every time a borrower has raised this argument, the Fifth Circuit has soundly rejected it. *See, e.g., Blair v. Deutsche Bank Nat. Tr. Co.*, 609 F. App'x 767, 769–70 (5th Cir. 2015) (holding that, under New York law, a challenge to an assignment on the basis that a mortgage was transferred into a trust after the closing date in violation of the Pooling and Servicing Agreement fails because the transfer was an *ultra vires* act that renders the assignment voidable, not void.); *Shaver v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 593 F. App'x 265, 273 (5th Cir. 2014) (holding under New York law "the alleged violations of the PSA would make the assignment voidable, not void, and the Shavers may not challenge the assignment"); *Svoboda v. Bank of Am., N.A.*, 571 F. App'x 270, 273 (5th Cir. 2014) ("Even when we look to New York law, the violations of the PSA that allegedly took place when the Svobidas' mortgage was transferred to the Trust would merely make such a transaction voidable, not void." And "the Svobodas may not challenge the transfer ....").

The same analysis employed by the Fifth Circuit in the above line of cases controls the outcome of this case. As in *Sigaran, Blair, Shaver,* and *Svoboda*, the assignment of Bourgeois Plaintiffs' loan documents to Deutsche Bank after the closing date of the PSA is an *ultra vires* action, which makes the assignment voidable, not void,

under New York law.[1] Accordingly, Bourgeois Plaintiffs lack standing to challenge the assignment.

### 2. Bourgeois Plaintiffs' Claim of Defective Allonge

Next, Bourgeois Plaintiffs argue that summary judgment is improper "because Deutsche Bank has failed to establish its standing to foreclose." (Dkt. 16 at 14). More specifically, Bourgeois Plaintiffs assert that the allonge relied on by Deutsche Bank is defective in that it was not properly affixed to the Note, creating a fact issue precluding summary judgment.

An allonge is "a slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." *Allonge*, BLACK'S LAW DICTIONARY (10th ed. 2014). According to the Texas Supreme Court, "[a]n indorsement of a negotiable instrument must be written on the instrument itself or on a paper affixed to the instrument." *Sw. Resolution Corp. v. Watson*, 964 S.W.2d 262 (Tex. 1997).

Cutting to the chase, it is irrelevant whether the allonge was properly affixed to the Note or not. This is because "Texas law treats promissory notes and deeds of trust as distinct obligations." *Leal v. Bank of New York Mellon*, No. CA-C-12-265, 2012 WL

---

[1] Bourgeois Plaintiffs also argue that the method of transfer of the assignment and indorsement of the Note violated the terms of the PSA. In this case, the assignment and indorsement of the Note were transferred directly from New Century to Deutsche Bank. Bourgeois Plaintiffs argue that the terms of the PSA required New Century to transfer the assignment and indorsement of the Note to a depositor, who would then transfer them to Deutsche Bank. This argument fails for the same reasons discussed in the above line of Fifth Circuit cases: an action taken contrary to the terms of the PSA is an *ultra vires* action which is voidable, not void. As such, Bourgeois Plaintiffs have no standing to challenge the assignment.

13

5465978, at *8 (S.D. Tex. Oct. 22, 2012) (citing *Aguero v. Ramirez*, 70 S.W.3d 372, 374 (Tex. App.—Corpus Christi 2002, pet. denied) ("Where there is a debt secured by a note, which is, in turn, secured by a lien, the note and lien constitute separate obligations.") and *Carter v. Gray*, 81 S.W.2d 647, 648 (Tex. 1935) ("It is so well settled as not to be controverted that the right to recover a personal judgment for a debt secured by a lien on the land and the right to have a foreclosure of lien are severable.")). "The fact that [Deutsche Bank] may not be a holder in due course of the promissory note would not preclude it from establishing a claim to the Property under the deed of trust." *Stephens v. LNV Corp.*, 488 S.W.3d 366, 378 (Tex. App.—El Paso 2015, no pet.). *See also Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03–1200583–CV, 2014 WL 712520, at *3 (Tex. App.—Austin Feb. 20, 2014, no pet.) ("[T]he note and the deed-of-trust lien afford distinct remedies on separate obligations-the note against the borrower and the lien against the real property-thus, a lien creditor may pursue foreclosure of a lien against real property under the deed of trust independent of any personal action against the borrower for collection on the note.").

Because Deutsche Bank has moved for summary judgment under the terms of the Deed of Trust, Deutsche Bank has the authority to foreclose even if it did not hold the underlying promissory note. *See Crear v. JP Morgan Chase Bank N.A.*, No. 10–10875, 2011 WL 1129574, at *1 n. 1 (5th Cir. Mar. 28, 2011) ("The Texas Property Code provides that either a mortgagee or mortgage servicer may administer a deed of trust foreclosure without production of the original note.").

14

As an aside, even if Deutsche Bank sought to foreclose solely on the Note, this Court does not find merit in Bourgeois Plaintiffs' argument that summary judgment is improper because the allonge is defective. As Deutsche Bank correctly notes, "the use of an allonge, without more, does not create an automatic fact issue." *Casterline v. OneWest Bank, F.S.B.*, 2:12-CV-00150, 2012 WL 6630024, at *3 (S.D. Tex. Dec. 19, 2012), *aff'd*, 537 F. App'x 314 (5th Cir. 2013). Bourgeois Plaintiffs have no evidence whatsoever—none—that the allonge was improperly affixed to the promissory note. On the flip side, Deutsche Bank presents competent summary judgment evidence of the Note and accompanying allonge, along with a sworn declaration that the electronic photocopy is a "true and correct copy of the Note as contained within the Loan Records." (Dkt. 15-1 at 1). Additionally, the allonge appears to have binder holes at the top of the photocopy that match the binder holds of the Note itself, indicating that the allonge was likely once physically attached to the Note as well, and was detached only for creating photocopies and uploading electronically. *See Sw. Resolution Corp.*, 964 S.W.2d at 264 ("The fact that the documents had been detached for photocopying does not raise a fact issue for the jury about whether the documents were firmly affixed. If it did, the validity of an allonge would always be a question of the finder of fact, since no allonge can be affixed so firmly that it cannot be detached.").

Without any evidence challenging the propriety of attachment, this Court holds that the allonge included as part of a true and correct copy of the Note presented as summary judgment evidence is sufficient to establish Deutsche Bank as holder of the Note. *See Green v. JPMorgan Chase Bank, N.A.*, 937 F. Supp. 2d 849, 861 (N.D. Tex.

2013), *aff'd*, 562 F. App'x 238 (5th Cir. 2014) ("Because the mere use of an allonge does not give rise to a fact issue, and because [Plaintiff] has pointed to no other evidence that the indorsement is invalid, the Court concludes that there is no factual dispute as to whether the indorsement is valid.")

Since Bourgeois Plaintiffs defaulted on their contractual payment obligations, remain in default, and Deutsche Bank has complied with all prerequisites to foreclosure, Deutsche Bank is entitled to foreclose on the Property. Summary judgment is, therefore, proper in favor of Deutsche Bank on its request for an order authorizing foreclosure.

## IV. CONCLUSION AND RECOMMENDATION

For the reasons stated above, this Court RECOMMENDS that Deutsche Bank's Motion for Summary Judgment (Dkt. 15) be GRANTED and that Bourgeois Plaintiffs' claims be DISMISSED with prejudice. This Court further RECOMMENDS that Deutsche Bank be awarded—and this Memorandum and Recommendation shall constitute—an Order Authorizing Foreclosure, authorizing Deutsche Bank to foreclose on the real property collateral located at 1904 North Mission Circle, Friendswood, Texas 77546 as more particularly described in the Deed of Trust, and that Deutsche Bank and its assigns are authorized to conduct a non-judicial foreclosure sale of the Property pursuant to the terms and conditions of the Deed of Trust and in accordance with Texas Property Code § 51.002 and Tex. Const. Art. XVI § 50(a)(6)(D). It is further RECOMMENDED that this Memorandum and Recommendation serve as a final *in rem* Judgment and Declaration of this Court Authorizing Foreclosure of the subject Texas Home Equity Lien in accordance with Tex. Const. Art. XVI § 50(a)(6)(D).

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED at Galveston, Texas, this 1st day of June, 2018.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE